UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Kimberly Joy Johnson fka Kimberly Joy Folkers<br><br>DEBTOR(S). | CASE NO. 14-46271<br>CHAPTER 13 |

### OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Now comes Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through Certificates (hereafter "Creditor") by and through its attorney, Michael Dimand, and for its request for Confirmation to be denied, states as follows:

1. On December 31, 2014, the debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code (11 U.S.C. Sect 1301 et seq.).

2. On December 31, 2014, the debtor filed a Chapter 13 Plan.

3. The debtor's Chapter 13 Plan is a Model Chapter 13 Plan, which is required of all Chapter 13 debtors in the Eastern Division of the Northern District of Illinois pursuant to this Court's General Order of May 30, 2001.

4. Creditor holds a mortgage lien on the real property known as 5745 S. Calumet Avenue, Unit 3S Chicago, IL 60637 ("Property").

5. The Property is a single family residence.

6. Creditor is secured only by its mortgage on the Property.

7. The principal balance due on Movant's loan is $97,247.95.

8. Paragraph E 5 of debtor's plan is meant to pay the pre-petition arrearage obligations of Debtor, and provides for payment of no arrearage.

9. The actual arrearage due to Creditor totals $889.11, which is greater than the amount provided for in Paragraph E 5 of the debtors' Chapter 13 Plan.

10. The Creditor has or will file a secured Proof of Claim for its total arrearage of $889.11.

11. If the debtor's Chapter 13 Plan is confirmed, the Chapter 13 Trustee will be required to distribute the debtors' Plan payments to the Creditor "in accordance with the plan". (11 U.S.C. Sec. 1326(a)(2) & 1326(c)).

12. The debtor's Chapter 13 Plan, by not properly paying the secured Proof of Claim filed by the Creditor, modifies the rights of the Creditor which is secured only by a mortgage lien on the real estate which is the debtors' principal residence. (11 U.S.C. Sec. 1322(b)(2)).

13. The debtor's Chapter 13 Plan, by not property paying the allowed, secured, Proof of Claim filed by the Creditor, does not "provide for the curing" of the pre-petition mortgage arrears of the Creditor. (11 U.S.C. Sec. 1322(b) (5)).

14. One of the requirements to confirm a Chapter 13 Plan is that "with respect to each allowed secured claim provided for by the plan...the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." (11 U.S.C. Sec. 1325(a) (5) (B) (ii)).

15. The debtor's Chapter 13 Plan, by not paying in full the allowed, secured Proof of Claim of the Creditor violates 11 U.S.C. Sec. 1325 (a) (5) (B) (ii).

WHEREFORE, the Creditor respectfully prays that the Confirmation of the debtors' Chapter 13 Plan be denied, and for such other and further relief as this Honorable Court deems just.

Respectfully Submitted,
Deutsche Bank National Trust Company

/s/Michael Dimand
MICHAEL DIMAND

Kimberly Joy Johnson 5745 S. Calumet Avenue, Unit 3S Chicago, IL 60637
Sulaiman Law Group, LTD 900 Jorie Blvd Suite 150 Oak Brook, IL 60523
Marilyn O Marshall 224 South Michigan Ste 800 Chicago, IL 60604

CERTIFICATE OF MAILING

I, MICHAEL DIMAND, an attorney, certify that I served the above-named respondents by placing a copy of the Objection in an envelope, correctly addressed and mailing same by regular mail, postage pre-paid in the U.S. Mail chute at 5 East Wilson St., Batavia, Illinois before the hour of 5:00 p.m. on February 6, 2015.

/s/Michael Dimand
MICHAEL DIMAND

Michael Dimand
The Wirbicki Law Group LLC
Attorney for Movant
33 W. Monroe St., Suite 1140
Chicago, IL 60603
(630) 406-8099

THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)